ORDERED.

**Dated:  January 29, 2020**

Caryl E. Delano
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:                                                          Case No. 9:19-bk-10793-FMD
                                                                Chapter 13

Ryan Lawson White

      Debtor.
_____/

**ORDER UPON ORDER TO SHOW CAUSE AND
DISMISSING CASE WITH A ONE YEAR BAR AS TO RE-FILING**

THIS CASE came on for a hearing on December 19, 2019 with no appearance by Debtor, for the entry of an appropriate Order in the above styled Chapter 13 Case, upon the Court's Order to Show Cause (Doc. No. 11).  The Court finds that dismissing this case is in the best interests of creditors and the estate.

Accordingly, it is

**ORDERED:**

1.      The Court's Order to Show Cause (Doc. No. 11) is hereby GRANTED and this case is hereby **DISMISSED**, with a one year bar as to re-filing.

2.      The Court finds Debtor is a serial bankruptcy filer.

3.      Any filing in violation of this Order will be considered null and void and will neither affect nor act as a stay against any of the Debtor's creditor(s) listed in the instant case or any of the prior bankruptcy cases.

1

4.      The Court's Order to Show Cause with a one year bar as to re-filing (Doc. No. 11) is hereby **GRANTED and this case is hereby DISMISSED with Prejudice with a Twelve (12) Month Bar as to re-filing from the date of this order.  If the Debtor should file a bankruptcy case within one year of the date of this order, no stay shall go into effect as to the Debtor or property owned by the Debtor.  Also, no stay shall go into effect from one year from the date of this order as to any property the Debtor owned which she transferred to another person or entity, unless that person or entity is the transferee of a certificate of title.**

5.      The Trustee shall return to the Debtor any remaining funds on hand not previously disbursed, notwithstanding any other court orders, and shall thereafter file his final report, upon which filing, he will be discharged of his duties as Trustee.  The Trustee shall return the aforementioned funds on hand to the Debtor, in care of Debtor's attorney, when represented by an attorney.

6.      The Debtor, the Trustee, or any party in interest, may, within 14 days from the date of this Order, request the Court to examine the fees paid to Debtor's attorney and request disgorgement of any portion deemed excessive. The Court shall retain jurisdiction for this purpose.

**7**.      If the automatic stay imposed by 11 U.S.C. §362(a) or §1301 is in effect at the time this Order is entered, the stay is extended 14 days from the date of this Order, notwithstanding the provisions of 11 U.S.C. §362(c)(2)(B).

8.      All pending hearings are canceled with the exception of any scheduled hearing on a Motion for Relief from Stay or on an Order to Show Cause over which the Court reserves jurisdiction.

Trustee, Jon M. Waage, is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the order.

JMW/SKO/sn                                                              C13T 01/29/20